(16 App. Div. 395.)

## MEEHAN v. BRENNAN et al.

(Supreme Court, Appellate Division, First Department.   April 23, 1897.)

1. WILLS—CONSTRUCTION—IMPLIED POWER OF SALE.

A power of sale is implied by a provision that persons named should take certain shares of "the net proceeds of the sale" of testator's realty, though no person is designated to make the sale.

2. SAME—PRECATORY WORDS.

A statement in a will that testator's "wishes, desires, and intentions" are that certain persons should share in the real estate is mandatory where testator undertakes to dispose of the entire estate.

3. CONVERSION—REALTY INTO PERSONALTY.

A conversion of realty into personalty is effected as of the time when a sale should have been made under an implied power contained in the will, disposing of the proceeds of real estate, but not designating the person by whom the sale should be made.

4. POWERS—BY WHOM EXECUTED—ADMINISTRATORS.

An implied power of sale in a will is to be executed by the administrator where the will gives special instructions to the administrator as to the disposition and care of the proceeds of sale, but does not designate the person by whom the sale is to be made.

5. WILLS—CONSTRUCTION—LIMITING MANNER OF ENJOYMENT.

A provision that the share of a beneficiary under the will should be held in trust until the happening of a certain event is not repugnant to a previous provision giving the share to the beneficiary without words of limitation.

Appeal from special term, New York county.

Action by Josephine C. Meehan against Charles M. Brennan and others for the construction of a will.   From a judgment construing the will, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Michael J. Scanlan, for appellant.

Benjamin Yates, for certain respondents.

Leopold Leo, special guardian, for infant respondents.

RUMSEY, J.   The action was brought to secure a construction of the will of Mary E. Brennan, who died in the city of New York on the 13th of November, 1895, having made the will in question on the day before her death.   In the first two clauses of the will the testatrix undertakes to dispose of all the real estate of which she was the owner.   There are two classes of people whom she desired to benefit from the estate,—her stepchildren, the children of her husband by former wife; and her own children.   It was the purpose of the first two clauses of the will to carry this intention into effect.   She prescribed by the first clause of the will that her stepchildren (naming them) "should share equally with my own children in the net proceeds of the sale of the premises No. 94 & 96 White street, No. 88 Elm street, No. 156 West 15th street, and two-thirds of the net proceeds of the sale of the premises No. 514 Pearl street."   By the second clause of the will she directs "that the remaining one-third of the net proceeds of the sale of the premises No. 514 Pearl street, and the net proceeds of the sale of the premises No. 155 West 92nd street

shall be divided among my own children" (naming them). One of these children was the plaintiff.

It is claimed on the part of the plaintiff that the construction of these two clauses of the will is such either that the real estate of he testator did not pass by them, or that it passed, as real estate, to the persons named in those clauses, in the shares therein mentioned, respectively. It is quite clear that the real estate, as such, is not devised by any part of the will, unless the clauses above quoted make some disposition of it. Therefore, unless these clauses be construed as disposing in some manner of the real estate, the testatrix died intestate as to a great portion of her property. A construction of the will which should bring about this result is always to be avoided, if it is practicable to do so. Vanderpoel v. Loew, 112 N. Y. 167, 177, 19 N. E. 481. While the first and second clauses of the will do not, in terms, dispose of the real estate, as such, it cannot be disputed that they do dispose of the proceeds of that estate. They say so in so many words, and the only question is what construction shall be given to those clauses for the purpose of carrying out the intention of the testator as she has expressed it. It can only be done if a power of sale has been given by those clauses, and that such a power of sale is given, we think, cannot be denied. To be sure, the power is not expressly given, nor is any person mentioned who shall execute it; but, while these considerations properly bear upon the construction of the will, they are not by any means conclusive that the power of sale is not intended to be given. It is evident that the general scheme of the will requires a sale to carry the provisions of the will into effect, and that these provisions cannot be executed without such a power of sale. The will does not devise the real estate, as such. The very fact that she speaks of the proceeds of her real estate, instead of devising the real estate itself, indicates conclusively, as we think, that she intended that the real estate should be sold. The testatrix clearly intended that her stepchildren should take a portion of the proceeds of the real estate, and unless that property shall be sold, so that proceeds shall arise, the stepchildren take nothing by the will, and thus the intention of the testatrix would fail. Whenever it appears that the intent of the testator requires that the real estate should be sold to carry into effect the provisions of a will, a power of sale will be implied, precisely as though it had been expressly given. Cahill v. Russell, 140 N. Y. 402, 35 N. E. 664.

But it is said by the appellant that there is no expressed direction on the part of the testatrix that the persons named in these clauses should have the proceeds of the real estate. It is said in the will that the testator declares that in the event of her death the following are her "wishes, desires, and intentions." These words do not necessarily, of course, in all cases, imply a command; but, whenever they are used in such a connection as this by a testatrix, the question is raised whether the testatrix meant by them simply to advise or influence a discretion which she vests in somebody, or whether she intended to control or direct a certain disposition. Phillips v. Phillips, 112 N. Y. 197, 19 N. E. 411. If the latter intention is deducible, then the word "wish" will be construed as imperative, and to imply a direction

by which the executor of the will and the courts are to be bound. In this case the testatrix evidently intended to dispose of this property. She was at liberty to do what she chose with it. She expressed her intention by the use of the word "wish," and, in the connection in which she has used it, it clearly has, as we think, the same force as though the word "direct" had been used.

But it is said that no power of sale will be implied, because no person is mentioned in the will upon whom the duty is devolved to execute it. It is very true that the testatrix does not nominate any executors in her will, but she evidently intended that an administrator should be appointed to carry into effect the dispositions of the will. That that is so appears by the provisions of the fifth clause, by which she devolves upon the administrator certain duties connected with the care of the property. Even were it not so, the court, for the purpose of carrying the will into effect, would appoint an administrator with the will annexed. The power of sale which was created by this will was peremptory; the dispositions of the will necessarily requiring that the real estate should be converted into personalty. As the intent of the testatrix can be carried into effect in no other way, the real estate will be deemed to have been converted into personalty as of the time when the sale should have taken place. Fraser v. Trustees, 124 N. Y. 479, 26 N. E. 1034. And these proceeds would necessarily go into the hands of the administrator with the will annexed, to be accounted for by him as personalty. Stagg v. Jackson, 1 N. Y. 206. It is clear that the testatrix intended that these proceeds should go into the hands of the administrator, because by the fifth clause of the will she gives special instruction to the administrator as to the disposition and care of a portion of it. From all this we think it is necessarily to be implied that the testatrix intended that the power of sale should be carried into effect by the administrator. The power did not involve the exercise of discretion in any way, but was simply one of the steps to be taken for the purpose of distribution of the estate. Being imperative, and not involving the exercise of personal discretion on the part of any one, it belonged to the office of executor or administrator under the will, and may be exercised by him. Mott v. Ackerman, 92 N. Y. 539, 554. We have no doubt, for these reasons, that the will created a power of sale, and that the administrator with the will annexed was the proper person to carry that power of sale into effect.

The next question raised upon the construction of this will arises upon the fifth clause. By the second clause, as has been stated, the testatrix directed that there should be divided among her children the net proceeds of the sale of certain premises therein mentioned. Of these children, the testatrix's daughters Mary E. Kane and Josephine C. Meehan were two. By the fifth clause of the will the testatrix directed that the shares of those two daughters in all her property, both real and personal, should be invested by her administrator in trust for them, * * * and the income derived therefrom should be paid to them during the lifetime of their respective husbands, and upon the death of said husbands the daughters should receive the principal sum in fee absolute. The testatrix further di-

rected that if either of the daughters should die before their husband, leaving issue living at their death, the principal should go to their issue in fee simple absolute, and, if either should die without leaving issue, then said principal should go to their next of kin and heirs at law in fee simple absolute. It is claimed on the part of the plaintiff that this disposition of her share of the property is inconsistent with the gift to her in the second clause of the will. She says that by the second clause she took an absolute estate, and that by the fifth clause that estate is cut down from a legal estate in perpetuity to a mere equitable interest. We do not accede to this contention. The thing to be ascertained is the intention of the testatrix. That is to be ascertained upon an examination of the whole will, which is one instrument; and, in arriving at such intention, no one part, any more than another, can be excluded from consideration. If the provisions of one part of the will are inconsistent with those of another, so that both cannot stand, then one or the other must be abandoned, but they never will be abandoned unless there is an irreconcilable inconsistency between them. In this case no such inconsistency exists. The gift to the two daughters in the second clause of the will, if it stood alone, would undoubtedly be construed as carrying an absolute interest to their shares of the personal property, but that is the mere result of a rule of construction which will not be applied in the absence of any other provision by which it is limited. The provisions of the second clause do not in any way control the manner of enjoyment by the plaintiff of the share which is given to her. That is left to be controlled by the provisions of the fifth clause of the will. Those provisions, while they do not in any way cut down the duration of the plaintiff's estate, control the manner of its enjoyment, and there is no inconsistency between the two clauses. The intention of the testator in such cases is to be ascertained upon a consideration of the whole instrument, and not upon a single or isolated clause detached from its relation to those with which it is associated. Taggart v. Murray, 53 N. Y. 233, 236. There is no repugnancy in a general bequest to a person in language which would ordinarily convey the whole estate, and a subsequent provision in the same will limiting the manner in which that estate shall be enjoyed by the legatee during a certain portion of its existence.

For these reasons, we think that the conclusion reached by the learned justice at trial term as to the construction of this portion of the will was correct. The judgment therefore must be affirmed, with costs to the guardian ad litem to be paid out of the estate, and with costs to all the other defendants to be paid by the plaintiff personally. All concur.