(24 Misc. Rep. 416.)

SALMON et al. v. SALMON et al.

(Supreme Court, Special Term, New York County. August, 1898.)

WILLS—CONSTRUCTION—EXECUTORS—POWER OF SALE.

    A will conferred no power of sale on the executors, but authorized testator's wife to sell, exchange, or dispose of certain real property as she desired; the proceeds to be invested to the best advantage during her lifetime, and then to descend to testator's children. *Held*, that the executors, with the consent of the wife, might sell and convey property received in exchange for the property left by testator for the purpose of investing its proceeds for the wife's benefit.

Action by Emily M. Salmon and others against Charles Salmon and others for the construction of the will of Hamilton H. Salmon, deceased.

Johnson & Johnson, for plaintiffs.

Edward D. O'Brien, guardian ad litem, for infant defendant.

RUSSELL, J.  May executors having no expressed power to sell real estate sell and convey lands in the city of New York taken by them, in the execution of their trust, in exchange for realty of the testator, who gave to his wife by his will the power to exchange for investment to afford her an income during her life?  The testator, Hamilton H. Salmon, died, leaving the plaintiffs executors under his will, which gave his wife the use of his residuary estate, and which will gave no power to sell his realty, but provided as follows:

"My said wife has also the privilege of selling, exchanging, or disposing of all my Cornwall property as she may desire, and the proceeds thereof to be invested to best advantage during her lifetime, and then to descend to my children, share and share alike."

Under this power the wife exchanged the Cornwall property for lots in the city of New York, and the deed was taken to the wife and her co-executor, as executors of the testator.  It is desirable now to sell and convey the New York property for presumably better investment purposes, and the question arises as to the power of the executors to convey.

It is not necessary to give an express power of sale, in such cases, to justify the authority of the executors.  Meehan v. Brennan, 16 App. Div. 395, 45 N. Y. Supp. 57; Cahill v. Russell, 140 N. Y. 402, 35 N. E. 664.  The case may be compared to that of executors receiving title to real estate through the foreclosure of a mortgage.  Greenland v. Waddell, 116 N. Y. 236, 22 N. E. 367; Lockman v. Reilly, 95 N. Y. 64; Haberman v. Baker, 128 N. Y. 253, 28 N. E. 370.  In such cases the executors may convey the real estate taken, upon the theory that in the eye of the law it still remains personal property.  In the present case the estate receives the real property in the city of New York for investment purposes for the use of the wife, and the title to the realty owned by the testator in Cornwall has passed from the estate, in pursuance of the testator's expressed power, and that power was to be used for a purpose antagonistic to the retention of the corpus as real estate.  The controlling purpose of the testator was to furnish an income fund for the wife during her life, and the object of that purpose remains existent and operative until her death.  It will not do, therefore, to say that the barren power, which was useless except for the beneficial trust purpose, is exhausted when once exercised, while the object of its exercise remains as potent as ever.  It may be fairly inferred that the testator would foresee that real estate taken in exchange might tend to depreciate in value, or the property might need improvements to be made from other funds of the estate, so that in either of these contingencies it would remain advisable to exchange such property taken for that more calculated to produce the income necessary for the use of the wife.  A construction, therefore, that now the intent of the testator is liable to be defeated because of an exhaustion of the power to sell and convey, would nullify the object for which that power was given.  I am of the opinion that according to the intent, and even in strict pursuance of the language, of the testator, the proceeds of the Cornwall property may still be invested to the best advantage during her lifetime, as she is the recipient of the income of the residuary estate for such period.  Therefore the executors, including, as a matter of course, the widow, whose con-

sent is essential, may convert the New York property into other property for investment purposes, and may convey the same as real estate; it having now that apparent form, and such a conveyance being necessary to transfer a legal title to a purchaser. I think any mortgage of the property would be contrary to the intent of the testator. Ordered accordingly.