an intention on the part of the testatrix to prefer these legatees to the 30 other legatees to whom she had bequeathed various sums, and there is no reason extrinsic of the will which would justify or explain such a preference. The testatrix must therefore have intended that the pecuniary bequests should be paid in full, and that in addition to the personal property so much of the proceeds of the sale of the real property as was necessary to pay these legacies should be used by the executors for that purpose.

The decisions bearing on the question now under consideration were so exhaustively considered by Justice Clark in Ely v. Ely, 163 App. Div. 320, 148 N. Y. Supp. 691, that it is unnecessary for me to discuss those decisions or to state the principles which have been settled by them; but it seems to me that the application of those principles to the matter under consideration necessarily results in a determination that it was the intention of the testatrix that the general legacies should, in so far as necessary, be paid out of the proceeds realized from the sale of the real estate of which the testatrix died seised. Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054; Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292; McManus v. McManus, 179 N. Y. 338, 72 N. E. 235.

A decree may be entered upon notice construing the will in accordance with this decision.

---

## In re NOE'S ESTATE.

(Surrogate's Court, New York County. February 18, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⬤➡339—POWER OF SALE—STATUTE.

Code Civ. Proc. § 2703, subd. 5, provides that real property may be sold to pay legacies charged thereon. Section 2702 provides that real estate of which the decedent died seised may be sold as prescribed in Code Civ. Proc. tit. 4, art. 3, c. 18, except where it can be disposed of under a valid power contained in a will, for the purpose for which it might be disposed of under that title. A will gave to the executors a valid power to sell for dividing the proceeds among the legatees entitled thereto. *Held*, that the procedure of the code provision for sale was neither necessary or proper in disposing of the real estate of which the testatrix died seised, so that the executors' application for a sale thereunder will be denied.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. ⬤➡1417–1424; Dec. Dig. ⬤➡339.]

2. CONVERSION ⬤➡15—SALE OF REALTY—PROCEEDS AS PERSONALTY.

Where there is a power of sale in a will, the executors have a right to sell the realty, and the proceeds will be regarded as personalty for the payment of debts and legacies.

[Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 28–37, 52; Dec. Dig. ⬤➡15.]

Application by the executors of the estate of Nellie M. Noe for authority to sell the real estate of which the testatrix died seised, and to have a claim against the estate determined by the court. Application for order directing a sale denied, and referee appointed to hear and determine the claim.

Edward M. Burghard, of New York City (Louis V. Ebert, of New York City, of counsel), for executors.

Harrison, Elliott & Byrd, of New York City (Robert W. B. Elliott, of New York City, of counsel), for Rev. Henry Lubeck and Rev. Joseph Rushton.

Rorke & Kane, for legatees Healy.

Lesser Bros., of New York City (William Lesser, of New York City, of counsel), for legatees Noe.

De Forest Bros., of New York City, for Presbyterian Hospital.

Bonynge & Bonynge, of New York City, for Eliza H. MacLeod.

Charles C. Cormany, of New York City, for Robert Caterson.

Moen & Dwight, of New York City, for Woodlawn Cemetery.

Stewart & Shearer, of New York City, for New York Society for Relief of the Ruptured and Crippled.

Edward V. Farley, of Brooklyn, for St. Benedict's Home.

George W. Curry, of Long Island City, for S. T. B. Nichols.

Strauss, Reich & Boyer, of New York City, for Dr. Joseph Byrne.

FOWLER, S. [1] The executors have filed their account and ask that they be authorized to sell the real estate of which the testatrix died seised in accordance with the provisions of chapter 18, title 4, article 3, C. C. P., and that the alleged claim of Dr. Byrne for $99,-568 be determined by this court. The testatrix gave her residuary estate, which included all the real estate of which she died seised, to her executors in trust to sell and convert the same into money as soon as could be conveniently done after her decease, and to divide the proceeds of sale and the entire residuary estate into two parts or shares and pay each of such shares to the legatees mentioned in her will. Subdivision 5 of section 2703, C. C. P., provides that real property may be sold for the payment of legacies charged thereon. In a proceeding to construe the will of the testatrix I decided that the general pecuniary legacies were intended by the testatrix to be charged upon the real estate. Section 2702 of the Code provides that real estate of which the decedent died seised may be sold as prescribed in title 4 of article 3 of chapter 18 of the Code, except where it can be disposed of under a valid power contained in a will for the purpose for which the same might be disposed of under that title. The executors are given a valid power of sale; therefore article 3 of title 4 of chapter 18 of the Code has no application, and the procedure prescribed by that article is neither necessary nor proper in disposing of the real estate of which the testatrix died seised. The real estate is not devised to a particular devisee; it is given to the executors for the purpose of selling it and dividing the proceeds among the legatees entitled thereto.

[2] When there is a power of sale contained in a will the executors have a right to sell the real estate, and the proceeds will be regarded as personalty for the payment of debts and legacies. Cahill v. Russell, 140 N. Y. 402, 35 N. E. 664; Matter of Bolton, 146 N. Y. 257, 40 N. E. 737. The executors in this matter having been authorized and directed by the will to sell the real estate, the application to the surrogate for an order directing a sale in accordance with the provisions of chapter 18, title 4, article 3, of the Code is denied.

I will appoint Peter B. Olney, Esq., referee to hear and determine the claim of Dr. Byrne for the sum of $99,568. The judicial settlement of the account of the executors will be adjourned until the determination of this claim.

Proceed accordingly.

(92 Misc. Rep. 677)

### In re MITCHELL et al.

### In re ORR'S ESTATE.

(Surrogate's Court, Kings County.   December, 1915.)

1. TRUSTS ☞284—CONSTRUCTION—RIGHTS OF BENEFICIARY.

Where decedent wrote to his daughter that, as he had given another daughter a house and desired to place both on the same footing, he had invested a certain sum with his other funds, the income to be paid to her, and where throughout his remaining life, with slight exception, he paid to her the interest on such sum, it was the duty of his executors to pay over to her the principal of the trust fund only when she should actually and in good faith prepare for the building or purchase of a house.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 405; Dec. Dig. ☞284.]

2. TRUSTS ☞284—CLAIM AGAINST ESTATES.

A claim made against an estate by the beneficiary of a sum given in trust, to be paid to her when she shall have prepared, in good faith, for the building or purchase of a house, should be disallowed, where such claim is for a sum of money as a debt of the decedent due in his lifetime, or as one becoming due on his death, and it appears that she has not prepared to build or purchase a house.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 405; Dec. Dig. ☞284.]

In the matter of the petition of James L. Mitchell and others to render and settle their account as executors of Alexander Ector Orr, deceased.   Decreed according to opinion.

Paul G. Gravenhorst, of New York City, for executors.
Benedict S. Wise, of New York City, for claimant.
John F. Burke, of New York City, special guardian.

KETCHAM, S.   [1] A daughter of the decedent makes claim against his estate for $18,000, upon the following facts:   In 1895, her father having given, or engaged to give, to another daughter $18,000, to be used by her in building a house then in progress, wrote to the daughter who is the present claimant in part as follows:

"As you are not yet certain about buying a house I propose until you do to pay the interest on the same sum that I am giving Juliet at 4½ per cent. which is the rate that the money is invested at beginning the 1st of June. * * * My wish is that you and Juliet should be treated alike from the financial point of view, and whenever you and Mr. Nies (the claimant's husband) are ready to purchase a house I will be ready to turn over the fund I have set apart for that purpose."