In the Matter of the Petition of WILLIAM MAIER, as Executor of the Last Will and Testament of CAROLINE MAIER, Deceased.

Surrogate's Court, Bronx County, May, 1924.

Wills — construction — will gave husband of testatrix as executor power of sale of real estate — codicil named son as executor in case husband predeceased testatrix and ratified will — husband having predeceased testatrix power of sale vested in son — question as to whether son has such power cannot be determined upon consent of parties — intent of testatrix governs.

The provisions of a will, in which the testatrix named her husband as executor, devised to him all of her real estate, and gave him power of sale thereof, and the provisions of a codicil in which she provided that in case her husband predeceased her, her son should be named executor and by which she ratified and reaffirmed all the provisions of her will not in conflict with the codicil,

Misc. 244] Surrogate's Court, Bronx County, May, 1924.

construed, and *held*, that the provision of the will giving the executor a power of sale not being in conflict with any provision of the codicil is ratified and reaffirmed, and that since the husband predeceased the testatrix the power of sale vested in the son.

The question whether or not under the provisions of the will and of the codicil the son has a power of sale cannot be determined upon the consent of the parties. The intent of the testatrix governs.

PROCEEDING for construction of a will.

*Robert E. Bergman,* for the petitioner.

*Joseph J. Silver,* special guardian.

SCHULZ, S. The decedent by her last will and testament, after providing for the payment of her debts, gave, devised and bequeathed all of her property, " both real and personal," to her husband. She also appointed the latter the sole executor of her will " with the usual powers of executors and also the right and power to sell, mortgage, convey and dispose of all real estate which may pass to him under " her will without requiring him to furnish any security.

Later, she executed a codicil by which, in the event of her husband's death before her, she gave, devised and bequeathed to her daughter the sum of $1,000, and all of her household furniture, making the money legacy a charge upon her real estate. All the rest, residue and remainder of her estate she directed should be " divided into five parts," and she gave, devised and bequeathed one of said parts to each of three sons and one daughter, and one of them to the children of a deceased son.

The codicil also contains the following provisions:

" *Third.* In case of the death of my husband as aforesaid I hereby nominate and appoint my son William Maier to be the executor of this my said last will and testament.

" *Fourth.* I hereby ratify and re-affirm all the provisions of my said last will and testament not in conflict with this codicil thereto."

The husband of the decedent predeceased her, and the question presented is whether or not the son named in the codicil who has been appointed executor is invested with the power of sale of the decedent's real estate.

It is alleged in the petition, and not denied, that the personalty consisted of $1,579.10; that the debts of the decedent, including the commissions and counsel fees, amount to $936.70, and that the decedent left only one parcel of real estate.

All of the adult parties consent that the relief prayed for in the petition be granted and the special guardian, appointed for the infant, also urges that it be adjudged that the executor has a power

of sale. The matter, however, cannot be determined upon consent of the parties. It is the intent of the decedent which must be ascertained and given effect and this must be gathered from the will and codicil which together constitute the testamentary document. *Matter of Fowles,* 222 N. Y. 222; *Cammann* v. *Bailey,* 210 id. 19.

The decedent having devised all of her real estate to her husband, he as devisee could sell and dispose of it without any power of sale from her, and such power must, therefore, be deemed to have been given to him in his capacity as executor only. The fact that such power is given him as to " all real estate which may pass to him under " the will, did not effect any limitation as to the real estate over which it became effective because all of the decedent's real estate passed to the husband; hence she gave her executor power of sale over all of her real estate.

The codicil did not revoke the will in terms, and hence even in the absence of words of ratification, the latter would remain effective except in so far as its provisions are inconsistent therewith. *Crozier* v. *Bray,* 120 N. Y. 366, 374; *Herzog* v. *Title Guarantee & Trust Co.,* 177 id. 86; *Chew* v. *Sheldon,* 214 id. 344, 350; *Hard* v. *Ashley,* 117 id. 606. But this codicil specifically ratified and reaffirmed all the provisions of the will not in conflict with it. The provision giving the executor a power of sale is not in conflict with any provision of the codicil; hence it is ratified and reaffirmed.

The provisions contained in the codicil clearly show that not only was the money legacy to be paid, if necessary, out of the real estate, but that a *division* was to be made of the entire rest, residue and remainder which included the one parcel of real estate owned by the decedent. Such a division could only be made if the executor had a power of sale over the real estate. It is not necessary that a power of sale be conferred in any particular words or phrases: If the document shows that such must have been the intent of the testatrix, that is sufficient. *Meehan* v. *Brennan,* 16 App. Div. 395; *Cahill* v. *Russell,* 140 N. Y. 402; *Corse* v. *Chapman,* 153 id. 466.

For all of the reasons stated, I reach the conclusion that the intent of the decedent was that this executor should have a power of sale as contended for by the petitioner. Costs are awarded to the petitioner and an allowance to the special guardian. Settle decision and decree accordingly.

**Decreed accordingly.**