Burke, J.
Alvin E. Ivie and his wife created, on December 30,1932, the Florence Catherine Ivie Trust to maintain .the Ivie Memorial Church of the Messiah in Bethlehem, New Hampshire. Ivie was the sole trustee. The trust agreement provided that, upon his death, the successor trustees would be the trustees of the Protestant Episcopal Church in New Hampshire or, if the Ivie Church became a separate parish, the rector and vestrymen would act as trustees. The settlors reserved the right to amend the trust.
Pursuant to this power, the trust was amended three times. The first amendment, executed on February 19, 1941, provided that, on Ivie’s death, first a daughter and son-in-law and then certain grandchildren were to succeed to the trusteeship and, upon their deaths, the trust would be administered by the trustees of the Protestant Episcopal Church. A second amendment, executed on June 24, 1949, eliminated the trusteeship of Ivie’s children and grandchildren. In the final amendment of June 30, 1949, the settlors relinquished all power to amend or alter the trust.
Ivie died on May 31, 1954. His will, which was executed on March 1, 1941, recited, in article Second, the creation, provisions and first amendment to the trust, and bequeathed, in accordance with testator’s desire ‘ ‘ to add to the said trust upon my decease ”, “to the trustees * * * one thousand (1000) shares of the common stock of F. W. Woolworth Co. of the par value of $10. each.”
Appellant seeks a declaration that this bequest is invalid and a violation of the rule against incorporation by reference.
Not every attempt to dispose of property by testamentary reference to another instrument will be thwarted. Matter of Rausch (258 N. Y. 327), wherein a similar bequest to the trustees of an unalterable trust was sustained, indicates that, if the trust instrument is in existence at the time the will was executed, if it is precisely and adequately identified therein, and if the opportunity for fraud is for all practical purposes eliminated, the testamentary provision may be upheld (cf. Matter of Fowles, 222 N. Y. 222; Matter of Piffard, 111 N. Y. 410). To be sure, *182 where the trust itself remains unimpaired and substantially the same as it was at the time of the execution of the will, and certainly where the amendments are concerned solely with the administrative provisions of the trust deed, it cannot be said to come within the purview of the rule against incorporation by reference. Moreover a will provision is not necessarily defeated although events may occur and documents may be altered after the execution of the will determining either the identity of a beneficiary or the amount of a bequest (cf. Matter of Fowles, supra; Matter of Piffard, supra; Lafrinz v. Whitney, 233 N. Y. 107; Langdon v. Astor’s Executors, 16 N. Y. 9). We believe that as long as adequate safeguards are employed, the rule against incorporation by reference should not be carried to “a drily logical extreme”. (Matter of Fowles, supra, p. 233.)
Here, as in the Rausch case (supra, p. 331), the testator did not incorporate “into his will an unattested memorandum of his mere desires and expectations, his unexecuted plans ”, but added to “ the subject-matter of an existing trust by identifying the trust deed and the extent and nature of the increment.”
The bequest herein, referring as it does to a trust which has undergone minor administrative changes subsequent to the execution of the will, does not offend the rule against incorporation by reference.
The order appealed from should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.
Chief Judge Coxway and Judges Desmoxd, Dye, Fuld, Froessel and Vax Voorhis concur.
Order affirmed.