John D. Bennett, S.
This is a proceeding for the probate of a propounded will and codicil as the last will and testament of the decedent and for a construction of the validity and effect of said codicil.
The propounded instruments will be admitted to probate, it having been established that they were executed in the manner prescribed by section 21 of the Decedent Estate Law, and that at the time of their execution, the decedent was of sound mind and free from restraint.
The question of construction presented seems to be one of first impression. The attorneys for the petitioner have submitted a very comprehensive memorandum of law citing not only New York cases but those of other States, and even a line of English cases, none of which appear to cover the exact situation here presented.
Insofar as pertinent to this ease, the will of the decedent devised to her husband absolutely certain real property at Piándome Heights. Subsequently the decedent made a codicil in which she changed the disposition of said real property giving her husband the right to reside therein so long as he wished, and directing that when he vacated, the property be sold, that four specific bequests be paid, and that the remainder of the proceeds go to her husband. The husband was a witness to this codicil and his testimony was necessary to probate the same.
Section 27 of the Decedent Estate Law provides that: “ If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise * * * of any real * * * estate shall be made to such witness and such will cannot be proved without the testimony of such witness, the said devise * * * shall be void, so far only as concerns such witness ”.
The key word upon which this construction depends is ‘1 beneficial If the court were to confine its attention to the codicil alone, there is no doubt that the provisions therein in favor of the husband are beneficial in contrast to the appointment of a fiduciary which is not beneficial. However, there is nothing which requires the court to adopt such a narrow view.
*431 The will and codicil taken together constitute the last will and testament of the deceased and are customarily read together as one instrument. From this point of view, the provisions of the codicil are not beneficial to the husband as they cut down the absolute devise to him of the Piándome property under the terms of the will. The testimony which he has given in this case has been against his interest and as the attorneys for the petitioner state in their memorandum: “ No legislative enactment, it is submitted, could render petitioner’s testimony in favor of the propounded codicil more credible than does the fact that such testimony operates against his interest in the estate. ’ ’
The intention of the testatrix is clear and unambiguous and while the same is not controlling in the present issues, the court should not strain for a construction that would defeat that obvious purpose.
The court, therefore, construes the provisions of the codicil as valid and effective to carry out the disposition of the Plan-dome real property as therein set forth, and that the husband who is a subscribing witness to the codicil does not take a beneficial interest thereunder, which would be rendered void because he is such a subscribing witness.