William J. Regan, S.
The decedent, Gerhard Lang, died on October 6,1936 leaving a last will and testament dated February *233 21, 1936 which was duly admitted to probate on November 17, 1936.
The beneficiaries of the testamentary trust have petitioned the court to determine the validity, construction and effect of paragraph eighth of the will herein and for a determination that said paragraph eighth of decedent’s will is void as contrary to the public policy and statutes of the State of New York.
It is the desire of petitioners to seek an accounting from the trustees, to examine books and records and to generally question the administration and management of the trust but fear to do so by reason of the forfeiture clause contained in decedent’s will. Paragraph eighth of said will provides as follows: “ eighth : It is my Will that if any beneficiary named in this instrument, or any person succeeding to the estate of such named beneficiary, shall directly or indirectly oppose or contest the probate of it, or attack or question any of its provisions, or question my capacity to execute it, or interfere with or question the administration or management of my estate, or of any trust created herein, or bring any action for the partition of my real property, or involving the title to any property, real or personal, that may be a part of my estate or of any trust created hereunder, or shall aid, abet or be involved in any act of commission or omission tending to the foregoing ends, that thereupon and for the violation of any of the foregoing injunctions all provisions made herein for such offender shall be and hereby are revoked. And I give, devise and bequeath over all the property such offending beneficiary would have taken hereunder to such of my children and descendants of deceased children who have not violated any of said injunctions, upon the same estates, trusts, successions and remainders as applicable to other property given herein to such non-offending beneficiaries, in the same manner as if said offending beneficiary had predeceased r . and left no surviving issue.”
It is settled law that proceedings to construe the validity, effect and construction of a will do not violate ‘ ‘ in terrorem ’ ’ benefits prohibiting action on penalty of forfeiture. (Matter of Von Deilen, 154 Misc. 877.)
By present law, EPTL 3-3.5 spells out with particularity the conduct by the beneficiary which does not, as a matter of substantive law, constitute a breach of a no-contest condition occasioning a forfeiture of a benefit under the will.
As concerns the obvious attempt by the testator under paragraph eighth of the will to prohibit the beneficiaries of the testamentary trust from questioning the trustees as to the management and administration of the trust and from objecting *234 thereto and from demanding an accounting is clearly violative of public policy and applicable statutory law. The language employed by the testator is consistent with an intent to exonerate the fiduciary named under the will from any liability for the administration and management of the estate. The standards of conduct, duty and responsibility required of a fiduciary is sufficiently regulated by statute and judicial decision as not to require any further discussion herein. Section 125 of the Decedent Estate Law (now EPTL 11 — 1.7) provides as follows:
“ Limitations on powers and immunities of executors and testamentary trustees. The attempted grant to an executor or testamentary trustee or the successor of either, of any of the following enumerated powers or immunities shall be deemed contrary to public policy:
‘ ‘ 1. The exoneration of such fiduciary from liability for failure to exercise reasonable care, diligence and prudence.
‘ ‘ 2. The power to make a binding and conclusive fixation of the value of any asset for purposes of distribution, allocation or otherwise.
“ 3. The exemption of a successor executor or testamentary trustee from giving a bond where such executor or testamentary trustee is designated by a predecessor executor or testamentary trustee pursuant to a power given in a will, unless such successor executor or testamentary trustee is a corporate fiduciary authorized to act as such under the banking law or the federal reserve act or is acting or is to act jointly with such a corporate fiduciary.
‘ ‘ The attempted grant in any will of any power or immunity in contravention of the terms of this section shall be void but shall not be deemed to render such will invalid as a whole, and the remaining terms of the will shall, so far as possible, remain effective.
“ Any person interested in an estate or trust fund may contest the validity of any purported grant of any power or immunity within the purview of this section without diminishing or affecting adversely his interest in the estate or fund, any provision in any will to the contrary notwithstanding.
“ The provisions of this section shall apply only to wills of persons dying after the date this section shall take effect.” (Added by L. 1936, ch. 378, as amd. by L. 1938, ch. 392, eff. April 2, 1938.)
The basis for this section is summarized in the notes of the commission 'contained in the Decedent Estate Law and following section 125, excerpts of which particularly point out as follows: “ The increasing practice of testamentary draftsmen and cor *235 porate fiduciaries in vesting in testamentary fiduciaries almost unlimited powers, with a minimum of obligations, is a serious potential menace not only to the rights of a surviving spouse but of the children and other dependents of the testator and of all persons interested in estates. This tendency must be curbed. The primary duties of ordinary care, diligence and prudence (King v. Talbot, 40 N. Y. 76) and of absolute impartiality among the several beneficiaries (Matter of Stutzer, 156 Misc. 684, 282 N. Y. S. 311) are of the very essence of a trust, and any impairment of these or similar obligations of a fiduciary are contrary to public policy.”
In view of the above and pursuant to section 125 of the Decedent Estate Law, it is the decision of this court that that portion of paragraph eighth of the will which attempts to preclude the petitioners from questioning the conduct of the fiduciaries and from demanding an accounting from said fiduciaries or from filing objections thereto be and the same hereby is void as contrary to public policy and applicable statutes of the State of New York.