Millard L. Midonick, S.
This is a motion by a daughter of the decedent to stay the entry of a decree admitting the propounded instrument to probate; for an extension of time to file objections; for leave to examine the proponent and for a construction of the effect of a no-contest clause contained in the instrument offered for probate.
On the return day of the original citation in this proceeding, the movant appeared and the proponent was instructed to file an amended probate petition because the original petition made no mention of an adopted daughter of the decedent’s predeceased son. The movant was not served with supplemental citation and allegedly received one day’s notice that a decree admitting the will to probate was to be submitted to the court. Movant then obtained the instant order to show cause staying the entry of the decree.
Movant has examined the attesting witnesses to the proposed will and now seeks to examine the proponent. She alleges that proponent, who is an attorney at law and the son of the decedent, acted as the decedent’s attorney; that the instrument was executed in his office; that the provisions of prior wills were changed to confer additional benefits upon proponent and his family at the expense of the movant; that the decedent was over 80 years of age at the time of execution, and was dependent upon others for all his physical needs.
The instrument offered for probate contains a clause revoking any bequest to any beneficiary who opposed probate of the will, participated in actions to set aside or invalidate any of its provisions or who aided another in doing so. The movant requests that prior to a determination of her application to *738 examine the proponent, the court construe the clause and determine whether the examination would 'be in violation of the no-contest clause. The court may not construe an instrument prior to its admission to probate as a valid will. While there may be a construction of a will in a probate proceeding, this must come only after probate has been decreed for the reason that until the instrument has been probated, there is nothing before the court to be construed. (Matter of Lewis, 199 Misc. 463; Matter of Webb, 122 Misc. 129, affd. 208 App. Div. 793.) Although the court cannot reach a construction of the specific clause of the proposed instrument it may determine whether the examination of the proponent amounts to conduct permissible under the public policy declaration in EPTL 3-3.5 as conduct not in violation of any no-contest clause. A so-called in terror em or no-contest clause is. operative according to its terms subject to the provisions of EPTL 3-3.5. That section spells out with particularity the conduct by the beneficiary or other person which does not, as a.matter of substantive law, constitute a breach of a no-contest condition in a will occasioning a forfeiture of a benefit under the will. (See Reviser’s Notes, McKinney’s Cons. Laws of N. Y., Book 17B, EPTL 3-3.5, p. 348.) Subdivision (3). of EPTL 3-3.5 provides:
“ The following conduct, singly or in the aggregate, shall not result in the forfeiture of any benefit under, the will: * # *
“(B) The disclosure to any of the parties or to the court of any information relating to any document offered for probate as a last will, or relevant to the probate proceeding. * * *
“(D) The preliminary examination, under SOPA 1404, of a proponent’s witnesses in a probate proceeding.”
It would appear from a reading of EPTL 3-3.5 (subd. [3], par. [B]) and its predecessor (Decedent Estate Law, § 126), that the conduct which it is intended to protect is the disclosure by a beneficiary as a witness and not conduct by a beneficiary seeking to obtain disclosure frdin others. As the draftsman’s note to section 126 of the Decedent Estate Law pointed out: “ Certain so called in terrorem clauses * * * attempted to interdict not only the initiation of litigation by a beneficiary but even the disclosure by him to any person or to a court of any facts tending to show that the will was not entitled to probate. Failure to fulfill the condition was stated to operate as a revocation of the legacy or devises, to that beneficiary. Experienced probate practitioners have felt obliged to advise their clients to remain mute even when in possession of relevant evidence *739 which parties to litigation sought to elicit by proper and regular procedure.” The remaining applicable paragraph (D) would permit examination under SOPA 1404 of the proponent’s witnesses. Under SOPA 1404 any party to the proceeding, before or after filing objections, has the right to examine all attesting witnesses. EPTL 3-3.5 (subd. [3], par. [D]) however does not say attesting witnesses but rather proponent’s witnesses. Under subdivision 4 of section 141 of the Surrogate’s Court Act, the predecessor to SCPA 1404, it was provided that any party might examine not only the attesting witnesses but also any other witnesses produced by the proponent. This text was omitted "from subdivision 4 of SOPA 1404.
As stated, in the Practice Commentary to SCPA 1404 (McKinney’s Cons. Laws of N. Y., Book 58A): “While this provision has been deleted * * * its deletion should not change the present practice for what was previously contemplated was actually the cross-examination of any witnesses produced by the proponent. The provision was apparently deleted as unnecessary, as the right of cross-examination of such witnesses is always available. The situations in which the proponent will call any other witnesses are extremely rare.” (Emphasis supplied.) WTiile the situations where a proponent will call or produce a nonattesting witness are rare, they do occur. This apparently is the reason why EPTL 3-3.5 refers to a proponent’s witnesses as opposed to just attesting witnesses.
In the case at bar, while the proponent has not as yet produced any nonattesting witnesses, it is the practice of this court, where the proponent acted as draftsman or a member of his firm was draftsman of the proposed will and the proponent and/or his family receive a benefit by probate of the will, to require him to file an affidavit explaining that the will was freely and voluntarily made and why he or his family received preferential treatment (see Matter of Putnam, 257 N. Y. 140). "Where a member of the deponent’s law firm supervised execution, the proponent must also explain whether he had any connection with the actual drafting of the will, and the actual draftsman must submit an affidavit that he acted on behalf of the decedent and not as agent of the proponent. (See Matter of Satterlee, 281 App. Div. 251.) This court requirement is based upon SOPA 1408. Pursuant to that section the court is required, before admitting a will to probate, to inquire into all the facts and must be satisfied with the genuineness of the will and the validity of its execution, and if it appears that will was duly executed and that testator at time of execution was com *740 petent and not under restraint the will must be admitted to probate. This inquiry is required even though no objections have been filed. Therefore where the circumstances are presented from which the trier of facts could draw an unfavorable inference of undue influence an explanation is required. (Matter of Putnam, supra.) Substantial gifts by a decedent to an attorney-draftsman “ are scrutinized most carefully and will not be sustained where the 'circumstances are suspicious unless those circumstances are satisfactorily explained.” (2B Warren’s Heaton on Surrogate Courts, § 186-D, par. 5, cl. [c]). While such rule .requiring an explanation is not usually applied where independent counsel prepared the will and supervised its execution, an explanation is necessary concerning the attorney-draftsman’s independence where that attorney is a member of the same law firm as the attorney beneficiary who is actually benefited by the will. (Cf. Matter of Satterlee, supra.)
The proponent has submitted affidavits upon this motion explaining that his testate share is substantially less than what he would receive in intestacy and that therefore the affidavits generally required should not be required in this case. It appears, however, that proponent’s daughter, who is a granddaughter of the decedent and who is not a distributee, will receive a substantial amount under the will. The benefits to proponent and his daughter to be received under the will greatly exceed his intestate share and the affidavits previously outlined must be filed with the court. By filing these affidavits the proponent will make himself a witness in support of probate of the will. The movant shall therefore be permitted to examine him pursuant to SOPA 1404, at least as to matters included in the affidavits. This examination will in turn be protected under EPTL 3-3.5 (subd. [3], par. [D]) from being in violation of any no-contest clause.
The proponent is accordingly directed, if he has not already done so, to comply with the practice of this court by filing the requested affidavits within 15 days of the date of service upon him of a copy of the order to be entered herein with notice of entry. If the proponent is unsure of what is required he may make inquiries 'at the Probate Department of this court. Following submission of the affidavits, movant will be permitted to examine proponent with regard to any matter contained therein. This examination shall take place within 15 days from the date of service upon movant of proof of filing these affidavits with the court,
*741 The application to stay entry of the decree admitting the will to probate is granted and movant is granted leave to file objections within 30 days following completion of the examination of the proponent.