*1021 OPINION OF THE COURT
Evans V. Brewster, S.
The decision of the court dated August 27, 1979 is herewith withdrawn and in the place thereof the following is made.
This is a proceeding to probate the will of decedent who died March 7, 1979 leaving a will dated September 13, 1978 and a first codicil thereto dated October 20, 1978. The codicil specifically revoked certain devises and bequests contained in decedent’s will for the benefit of Jane Polinsky, daughter of the decedent. Objections have been filed by decedent’s daughter, Jane, to the admission of the codicil to probate but not to the admission of the will. Preliminary letters testamentary have been issued to the executor named in the will which contain certain restrictions upon the activities of the preliminary executor.
Arguing that the will itself with respect to all provisions with the possible exception of those affecting decedent’s daughter, Jane, will ultimately be admitted to probate and that "there is no rational reason why the undisputed provisions should not be given judicial approval”, the proponent has moved for an interim decree to admit only the will to probate subject to amendment in the event that the codicil is later admitted to probate and for the issuance of permanent letters testamentary to the executors named in the will containing the restriction that the executors make no distribution of bequests under subparagraphs E and F of paragraph Fifth of the will or of the residuary estate until the issue of the validity of the codicil is resolved. The proponent seeks, in the alternative, a decree amending the preliminary letters to remove all restrictions and limitations previously imposed, and for authority to satisfy all of the specific bequests and legacies other than those affected by the first codicil.
The relief sought by petitioner is novel and would enable petitioner to distribute bequests not affected by the codicil and to otherwise protect and preserve the assets of the estate. It is true that subject to proof of due execution, testamentary capacity and no restraint, the instrument executed on September 13, 1978 will be admitted to probate as decedent’s will subject to possible amendment if the objections to the codicil are not sustained. However, petitioners have presented no precedent for the relief requested and the court has found none.
A review of the relevant statutes discloses that EPTL 1-2.18 *1022 (subd [b]) provides that "Unless the context otherwise requires, the term 'will' includes a 'codicil’.” The will and codicil have been offered for probate together in the petition filed herein. "A codicil is a supplement to a will, either adding to, taking from or altering its provisions or confirming it in whole or in part by republication, but not totally revoking such will.” (EPTL 1-2.1.) If probate is decreed, the will and codicil become one instrument constituting the last will of decedent (Matter of Moore, 32 Misc 2d 429). The law clearly provides that a will includes any and all codicils. All laws relating to the probate of wills must logically apply to a will as defined by statute, and all proceedings to probate a will must comply with statutory requirements. Absent specific authority to admit a will to probate subject to a portion thereof being subsequently revoked by a codicil to which objections have been filed, it would be inappropriate for the court to grant petitioner’s application. The motion for an interim decree to admit the will to probate subject to amendment is denied.
Procedure is provided by statute for issuance of temporary letters testamentary to a fiduciary where delay occurs in the probate proceeding. The primary purpose is to place a fiduciary in office with power and authority to carry forward estate administration and in the best interests of the estate to protect and preserve the assets of the same. In accordance with the procedure set forth in SCPA 1412, preliminary letters testamentary with limitations on the powers of the fiduciary were issued to the executors on May 14, 1979 when it was known that objections would be filed but prior to the actual filing thereof. The objections thereafter filed were confined to the codicil and no objections were made to the will itself. Thus even if objectants are entirely successful, it would appear that the will at least would be admitted to probate and the executors would be entitled to act without the special restrictions and limitations placed upon them by the preliminary letters.
While objections to the relief requested were made in the oral argument on the motions, no written objections were filed.
Accordingly, the motion for an order eliminating the restrictions on the preliminary executors heretofore issued is granted and the preliminary letters testamentary shall issue in accordance with SCPA 1412.