■ In the Matter of the Estate of FRANCIS H. PHILIP, Deceased. CHRISTOPHER C. ANGELL et al., Appellants. [596 NYS2d 146] —In a proceeding for advance payments of executors' commissions pursuant to SCPA 2311, the executors appeal from so much of an order of the Surrogate's Court, Westchester County (Brewster, S.), entered December 31, 1990, as limited the corporate executor's commissions to those specified in SCPA 2307.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The testator's will included the following provision:

"TENTH: For its services for acting in any fiduciary capacity under this will, said Fiduciary Trust Company International shall receive the compensation stipulated in its regularly adopted schedule in effect and applicable at the time such

compensation shall become payable, including any stipulated minimum compensation. I acknowledge that I am aware the foregoing compensation may be in excess of that provided under applicable law, and expressly authorize payment of any excess thereof".

The potential existed for Fiduciary Trust Company International, the executor herein, to alter its fee schedule between the time of the testator's death and the time the fees became payable, thereby unilaterally increasing the bequest. "It is unquestionably the law of this state that an unattested paper which is of a testamentary nature cannot be taken as part of a will even though referred to by that instrument" *(Booth v Baptist Church,* 126 NY 215, 247-248). The fee schedule fits into none of the exceptions to the rule established by statute or case law *(see,* EPTL 3-3.7, 3-4.4, 3-5.1, 8-1.1; *Matter of Rausch,* 258 NY 327; *Matter of Fowles,* 222 NY 222; *Matter of Murphy,* 70 Misc 2d 516). Therefore, the will provision was unenforceable, and the court was correct in limiting the executor's commissions to those established by statute *(see,* SCPA 2307). Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.