OPINION OF THE COURT
Lee L. Holzman, J.
In this application pursuant to SCPA 2311 for the advance payment of commissions to the coexecutors, the corporate coexecutor seeks a payment on account of commissions in the sum of $50,200, an amount which is slightly greater than the advance sought by the other coexecutor. The discrepancy is explained by the provision in the will which provides that the corporate executor is to be paid commissions pursuant to "its published schedule of compensation in effect when such compensation is payable.” This schedule apparently includes the value of assets which would not otherwise be subject to commissions pursuant to SCPA 2307.
The initial question raised by the application is whether the recently enacted amendment to SCPA 2307 (1) (f) (L 1994, ch 474) is applicable to this case inasmuch as its effective date is the date of its enactment, July 20, 1994, and decedent’s will was admitted to probate pursuant to a decree entered November 25, 1992. Had this application been filed prior to July 20, 1994, this court would have been constrained to deny the relief requested under the holding in Matter of Philip (192 AD2d 610), that a corporate fee schedule is an unattested paper which cannot be deemed as part of the will even though referred to therein. The Legislature, in effect, reversed this case by its enactment of SCPA 2307 (1) (f) which reads: "If the will makes provisions for specific rates or amounts of commissions for a corporate executor, or, if a corporate executor has *738 agreed to accept specific rates or amounts of commissions, or, if the will provides that a corporate executor shall receive commissions as provided or stipulated in the corporate executor’s published schedule of fees in effect at such time or times such commissions become payable, including a stipulated minimum commission and asset base for calculating such commissions, a corporate executor shall be entitled to be compensated in accordance with such provisions, agreement or schedule, as the case may be, even though such provisions, agreement or schedule are not executed in accordance with the provisions required for wills and are not attested as required for the recording of deeds in this state.”
Section 2 of chapter 474 states that the "act shall take effect immediately and shall apply to any will in existence on or after the effective date of this act.” Decedent’s will is in effect today and, consequently, the provisions of SCPA 2307 (1) (f) apply to it. Furthermore, in the absence of any language in SCPA 2311 indicating that its provisions are limited to commissions calculated pursuant to the specific rates set forth in SCPA 2307 (1), SCPA 2311 (3) should be construed as permitting an executor to obtain an ex parte order authorizing the payment on account of commissions of a sum not to exceed the amount of a receiving commission regardless of whether the commissions are calculated pursuant to the schedule of a corporate fiduciary in accord with SCPA 2307 (1) (f) or in accord with the rates set forth in the preceding subdivisions of SCPA 2307. Accordingly, the application is granted.
Of course, the granting of the instant application does not necessarily constitute a determination that SCPA 2307 (1) (f) and 2311 would allow payment of the entire amount of commissions due under a corporate schedule at the inception of the estate if the schedule so provided. Such a provision might be construed as being contrary to the public policy of this State as enunciated in both SCPA 2311 (3), which limits the payment on account of commissions to a receiving commission absent the consent of the parties affected by a larger payment, and SCPA 2307 (1), which provides that commissions shall be computed separately for receiving and paying out sums of money.