■ In the Matter of the Estate of JOHN F. O'BRIEN, Deceased. ROSEMARY CAMPBELL, Appellant; JOHN F. O'BRIEN FOUNDATION et al., Respondents. [649 NYS2d 220] —Cardona, P. J. Appeal from a decree of the Surrogate's Court of Rensselaer County (Lang, Jr., S.), entered May 24, 1995, which construed paragraph four of decedent's last will and testament.

This proceeding was instituted to construe the residuary clause of decedent's last will and testament signed on December 29, 1989. Decedent died on June 9, 1991. Pursuant to decedent's will, he made $2,500 bequests to each of the four children of petitioner, decedent's sister. Decedent also bequeathed all of his clothing and personal effects to petitioner's children. In the fourth paragraph of the will, decedent bequeathed his residuary estate to respondent John F. O'Brien Foundation (hereinafter the Foundation) "to be held in trust, and disposed of exclusively for charitable, religious and educational purposes as enumerated in the Foundation's Trust Agreement". Notably, on the same date as the execution of his last will and testament, decedent had also established an *inter vivos* trust agreement entitled the "John F. O'Brien Foundation Trust Agreement" naming the Foundation as beneficiary.[1]

In March 1993, petitioner commenced this proceeding claiming that the fourth paragraph of decedent's will lapsed due to the alleged invalidity of the underlying trust agreement and, because decedent allegedly died partially intestate as a result, she was entitled to the entire residuary estate as decedent's sole distributee. The executor of decedent's estate and the Attorney-General[2] both responded maintaining the validity of the fourth paragraph. Surrogate's Court construed the fourth paragraph of decedent's will to be valid and petitioner appeals.

According to petitioner, the trust agreement purportedly established by decedent on December 29, 1989 was invalid because it was not "executed and acknowledged by the parties thereto in the manner required by the laws of this state for the recording of a conveyance of real property" (EPTL 3-3.7 [a]). Under the Real Property Law, a conveyance of real property

---

1. The trust agreement enumerated various organizations to which decedent intended the trust assets be applied. The Foundation was apparently registered with the Department of State Office of Charities Registration in 1990 and has filed tax returns as a private foundation each year.

2. Pursuant to EPTL 8-1.1 (f), the Attorney-General represents the beneficiaries of charitable bequests and acts as the protector and enforcer of their rights.

may be recorded if it has been duly acknowledged or otherwise proved by a subscribing witness (*see*, Real Property Law §§ 291, 304). Pursuant to Real Property Law § 298, an acknowledgment of a conveyance of real property may be made within the State by a notary public. An acknowledgement involves two important elements: "the oral declaration of the signer of the document and the written certificate of acknowledgement endorsed by an authorized public officer attesting to the declaration" (*Newman v Newman*, 192 AD2d 924, 925). Here, while the trust agreement was "[s]igned, sealed and delivered in the presence of" a notary public and it stated therein that the agreement was "signed and acknowledged" on December 29, 1989, there is no dispute that the notary did not indorse a certificate of acknowledgment as described in Real Property Law § 306. Consequently, petitioner maintains that the trust cannot receive the "pourover" bequest described in the fourth paragraph of decedent's will.

In our view, petitioner is correct in maintaining that the trust agreement was not acknowledged in accordance with the dictates of EPTL 3-3.7 (a). Moreover, the record lacks proof such as affidavits that would provide all the information associated with a certificate of acknowledgment (*see, e.g., Matter of Hazell v Board of Elections*, 224 AD2d 806, 807, *lv denied* 87 NY2d 808). In the absence of formal compliance with EPTL 3-3.7 and the apparent lack of substantial compliance with that statute, we nonetheless agree with respondents that the pourover provision in the will should not lapse. In making this determination, it is necessary to keep in mind the presumption against intestacy with respect to residuary bequests and the principle that, where the testator seeks to leave money for a charitable purpose, a liberal construction of the terms of a will should be given in order to uphold it and validate the bequest (*see, Matter of Nurse*, 35 NY2d 381, 388).

Turning to the merits, we first note that in *Matter of Nurse* (*supra*, at 392, n 3), the Court of Appeals indicated that EPTL 3-3.7's "sanction of pour over provisions meeting certain requirements * * * obviate[d] the necessity of resort to the overlapping doctrine[ ] of 'incorporation by reference' ". While it is true that this doctrine is generally not recognized in New York (*see, Booth v Baptist Church*, 126 NY 215, 247-248; *see also, Matter of Philip*, 192 AD2d 610, 611; *Matter of Herrig*, 122 Misc 2d 740, 741), exceptions to this prohibition have been carved out via statutes such as EPTL 3-3.7 and case law (*see, e.g.,* EPTL 3-4.4, 3-5.1, 8-1.1; *Matter of Rausch*, 258 NY 327; *Matter of Fowles*, 222 NY 222; *Matter of Murphy*, 70 Misc 2d

516). In this case, as in *Matter of Rausch* (*supra*), "[a]t the execution of th[e] will there was in existence a valid * * * trust whereby a trustee was under a duty to apply the subject-matter of the grant uses there declared" (*supra*, at 330). Additionally, we note that in the report which eventually recommended the enactment of EPTL 3-3.7, the drafters stated that the formalities prescribed in that section were intended to prevent fraud (*see*, Report No. 6.1B, 2d Report of Temp St Commn on Estates Appendix H, 1963 NY Legis Doc No. 19, at 308, 313). Consequently, here, in the conceded absence of allegations or evidence of fraud and the fact that the trust agreement in this case, which was signed contemporaneously with the will, was identifiable, precise and definite (*see*, *Matter of Ivie*, 4 NY2d 178, 181; *Matter of Rausch, supra*, at 331-332), we hold that the pourover provision in this case fits within the parameters of case law applying the common-law doctrine of incorporation by reference.[3]

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the decree is affirmed, with costs.

---

3. We note that the parties also argue the validity of the cy pres doctrine to the facts of this case, although we question its applicability herein. There appears little question that the Foundation is a viable charity and could receive the bequest if the pourover provision is found to be valid. Thus, it does not appear that decedent manifested a general charitable intent as opposed to a specific one (*see*, 9B Rohan, NY Civ Prac ¶ 8-1.1 [3] [d]).