**VERMONT MUTUAL INSURANCE COMPANY v. Cynthia B. GAMBELL, Gerard J. Allison, and Mary L. Sleeman**

[689 A.2d 453]

No. 96-060

January 2, 1997. Plaintiff Vermont Mutual Insurance Company appeals from an order declaring that it is obligated to provide insurance coverage to defendants Gambell and Allison under a homeowners policy issued to them by Vermont Mutual. We affirm.

Defendant Gambell operates a pet-sitting business at a house that she owns jointly with defendant Allison. In response to advertisements for the business, defendant Sleeman brought her dog to the home to be boarded while she went on vacation. Sleeman parked her vehicle in the driveway that served both the house where Gambell and Allison resided and the kennel, which consisted of part of the basement and a fenced area behind the house. After exiting the vehicle with her dog, Sleeman began to walk toward the house on the driveway. She alleges in her complaint against Gambell and Allison that three unleashed dogs ran toward her, jumped on her, and caused her to slip and fall on the icy driveway.[*]

Gambell and Allison sought a defense from Vermont Mutual under their homeowners policy, which provides liability coverage for bodily injury caused by an occurrence. The policy excludes coverage for personal liability "arising out of business pursuits of an insured," but further provides that "[t]his exclusion does not apply to . . . activities which are usual to non-business pursuits." Vermont Mutual brought this declaratory judgment action to determine the rights and liabilities of the parties under the policy. The trial court denied the insurance company's motion for summary judgment and granted summary judgment to defendants pursuant to V.R.C.P. 56(c). It declared that the policy provides coverage and that Vermont Mutual is obligated to defend and indemnify Gambell and Allison in the suit brought by Sleeman.

On appeal, Vermont Mutual argues that the trial court erred in concluding that the exception to the exclusion refers to the activities of the claimant rather than the activities of the insured. In its conclusions delivered orally following argument on the insurance company's motion, the trial court stated that "the activity in this case is the walking upon a driveway that leads to a residence which has a kennel adjunct business operation." We agree with Vermont Mutual that the activity referred to in the exception is the activity of the insured. The exclusion is for liability "arising out of business pursuits of an insured." The exception to this exclusion is for "activities which are usual to non-business pursuits" and clearly has reference to activities of the insured. See *Velleman v. Continental Ins. Co.*, 616

---

[*] It is not claimed that the dogs belonged to defendants Gambell and Allison or that they were being boarded by or were otherwise connected with the kennel operation.

N.Y.S.2d 146, 149 (Sup. Ct. 1994) (real focus is not on injured party's activities, but on activities of insured).

The analysis does not end there, however. The question that must be answered is whether the activities of the insured are usual to his or her nonbusiness pursuits. The activities of the insured that must be examined are those that proximately caused the injury. *Insurance Co. of Ill. v. Markogiannakis*, 544 N.E.2d 1082, 1090 (Ill. App. Ct. 1989) (in interpreting exception, court must look at activity that caused injury); see also *Economy Fire & Casualty Co. v. Bassett*, 525 N.E.2d 539, 542 (Ill. App. Ct. 1988) (in analyzing whether injury arose from activity not ordinarily incident to nonbusiness pursuit, court must examine particular activity that caused injury). For an activity to be a business pursuit, it must be an act that is solely referable to the conduct of the business and one that the insured would not normally pursue but for the business. *Farmers Ins. Exch. v. Sipple*, 255 N.W.2d 373, 375 (Minn. 1977). The relationship between the exclusion and exception was set forth in *Gulf Ins. Co. v. Tilley*:

> The entire paragraph [the exclusionary clause] . . . may fairly be read as saying that . . . there will be no liability coverage with respect to an insured's "business pursuits," but that, as an exception to this broad rule, coverage will be extended to liability which arises, even though connected in some causal manner with the insured's "business pursuits," out of an act or omission that is ordinarily not associated with or related to the insured's business pursuits.

280 F. Supp. 60, 64 (N.D. Ind. 1967) (citation omitted), *aff'd*, 393 F.2d 119 (7th Cir. 1968); see also *State Farm Fire & Casualty Co. v. Moore*, 430 N.E.2d 641, 645 (Ill. App. Ct. 1981) (policy provides coverage for "acts, which by their nature, are not associated with the insured's business pursuits, but which are causally related to business activities").

The acts or omissions alleged to have caused Sleeman's injuries were the failure to maintain the driveway in a safe condition and the failure to prevent dogs from roaming the premises. These omissions can hardly be said to contribute to or further the interest of the insured's business. While the omissions are connected in a causal manner with the kennel operation, they are not directly related to that business. We therefore conclude that the exception to the exclusion applies and coverage is afforded under the policy.

*Judgment affirmed.*