OPINION OF THE COURT
James E. Euken, S.
Mr. A. Norbert Shear died on March 15,1999, at the age of 83, survived by his wife and three children. The instrument offered for probate diminishes what his son Gregg Shear’s inheritance would have been under a prior instrument. Mr. Shear asks the court to construe the effect that an in terrorem clause has on the interest of his named children as income beneficia *685 ries of a trust established for him under the propounded instrument should he proceed as an objectant.
The instrument dated September 12, 1997, has not been admitted to probate, but preliminary letters testamentary have been granted. A proceeding pursuant to SCPA 1404 has been completed and shows the value of the estate to be in excess of $2,500,000. Testimony by an attesting witness and the executrix discloses that Mr. Shear executed the propounded instrument on the same day he and his family members sold their stock in the family business to petitioner. There is some indication that the testator believed petitioner was obtaining the stock at a bargain price.
Petitioner contends that the clear intent of his father was that his two named natural children inherit from his estate. He bases this contention on the joint estate plan of his parents and from a reading of the provisions of the propounded instrument.
This court notes that a SCPA 1404 hearing is exempt from the in terrorem clause as a matter of law (see, EPTL 3-3.5 [b] [3] [D]). Furthermore, a construction proceeding does not constitute a breach of the in terrorem clause (EPTL 3-3.5 [b] [3] [ED.
Petitioner requests this court construe the in terrorem clause prior to probate. He asserts a refusal to do so would tip the balance heavily against himself and his children against the impermissible and excessive risk of forfeiture. He relies on Matter of Grupp (160 Misc 2d 407) for authority. In Grupp, the court interpreted SCPA 1408 to permit it to construe an in terrorem clause prior to probate and applied public policy and equitable considerations present before it in finding a present need to construe a will involving several charitable bequests prior to probate.
The Court of Appeals previously interpreted the predecessor statutes (see, Code Civ Pro §§ 2622, 2623) in Matter of Davis (182 NY 468), and held that “The Statute contemplates that unless the will is admitted to probate there is no power to construe it. Probate logically precedes construction, for otherwise there is no will to construe” (supra, at 475). Davis did not involve the interpretation of an in terrorem clause, but the Court intended to give the profession guidance beyond the facts of that case in establishing the proper time for a construction proceeding regardless of the issues raised by the fact pattern: “The able opinion below leaves little for us to say, and our only reason for saying anything is that the novelty of the *686 questions presented may make a brief expression of our views useful to the profession” (supra, at 472).
It is well settled since Davis (supra) that a will must be admitted to probate before a court may construe it (see, Matter of Webb, 122 Misc 129, affd 208 App Div 793; Matter of Lachman, 100 Misc 2d 21). The rule was applied in Matter of Zurkow (74 Misc 2d 736), where the court refused to construe an in terrorem clause prior to probate. Judge Radigan followed the rule in Estate of Reede in denying a request to construe an in terrorem clause (see, NYLJ, Jan. 29, 1988, at 19, col 3).
This court declines to interpret SCPA 1408 to authorize it to construe an in terrorem clause prior to probate. There is nothing to show that the Legislature intended to give the Surrogate power to decide construction issues raised by a party prior to probate, and indeed SCPA 1420 (3) provides to the contrary: “Upon the entry of a decree admitting the will to probate the court may determine the question of construction or in its discretion may admit the will to probate and reserve the question for future consideration.”
Accordingly, the motion to construe the in terrorem clause is denied.