■ In the Matter of the Estate of ESMOND BRADLEY MARTIN, Also Known as ESMOND B. MARTIN, Deceased. FLORENCE S. FURST, Respondent-Appellant; SERINA M. SANCHEZ et al., Appellants-Respondents. [793 NYS2d 458]—

In a proceeding seeking partial probate of portions of a will which were not revoked by a codicil thereto, and construction of an in terrorem clause in the will, Serina M. Sanchez, Peter A.B. Martin, Esmond B. Martin, Jr., and Bessemer Trust Company, N.A., appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated November 5, 2003, as granted that branch of the petitioner's motion which was for summary judgment on that branch of the petition which was for a construction of the in terrorem clause and held their motion to compel discovery in abeyance, and the petitioner cross-appeals from so much of the same decree as denied that branch of the petition which was for partial probate of those portions of the will which were not revoked by the codicil thereto.

Ordered that the appeal from so much of the decree as held the motion for discovery in abeyance is dismissed; and it is further,

Ordered that the decree is reversed insofar as reviewed on the appeal, on the law, and that branch of the petitioner's motion which was for summary judgment on that branch of the petition which was for a construction of the in terrorem clause is denied; and it is further,

Ordered that the decree is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs, payable by the petitioner personally.

The testator, Esmond Bradley Martin, died on June 16, 2002, leaving a will dated December 16, 1997, and a codicil dated February 17, 2002, which amended and republished the will. In the will, the testator bequeathed certain assets to the petitioner,

Florence S. Furst, and to his children, the appellants-respondents Serina M. Sanchez, Peter A.B. Martin, and Esmond B. Martin, Jr. (hereinafter the testator's children), and nominated the petitioner as co-executor of the estate. The will also contained an in terrorem clause which states, in pertinent part, "If any person . . . named as [a] beneficiar[y] herein . . . shall file or cause to be filed objections to, or in any manner contest, this Will and any Codicil thereto," that person would be deemed to have predeceased the testator, and would receive nothing under the will. The codicil substituted Bessemer Trust Company, N.A. (hereafter Bessemer), as executor, revoked two bequests to Furst, and granted those bequests to the testator's children.

Furst commenced this proceeding for partial probate of the portions of the will which were not revoked by the codicil and for construction of the in terrorem clause. After issue was joined, she moved for summary judgment. The Surrogate granted that branch of her motion which was for summary judgment on that branch of the petition which was for construction of the in terrorem clause and construed the in terrorem clause to mean that Furst shall not be treated as having predeceased the decedent for purposes of distribution under the will and would not forfeit the bequests to her under the will if she successfully contested probate of the codicil. That branch of the petition which was for partial probate of those portions of the will which were not revoked by the codicil was denied (*see Matter of Martin*, 1 Misc 3d 769 [2003]).

SCPA 1420 (1) states that a person interested in obtaining a construction of a will may petition in "the court in which the will was probated." If a party asks for construction of a will in a pending probate proceeding the court may determine the construction issue "[u]pon the entry of a decree *admitting the will to probate*" (SCPA 1420 [3] [emphasis supplied]). No provision is made for construction of provisions of a will prior to probate.

In *Matter of Davis* (182 NY 468, 475 [1905]), the Court of Appeals held that "[p]robate logically precedes construction, for otherwise there is no will to construe." This principle is applicable to in terrorem clauses (*see Matter of Shear*, 182 Misc 2d 684 [1999]; *Matter of Zurkow*, 74 Misc 2d 736; *Matter of Reede*, NYLJ, Jan. 29, 1988, at 19, col 3; *Matter of Turco*, NYLJ, Dec. 21, 1987, at 15, col 6; *but see Matter of Grupp*, 160 Misc 2d 407 [1994]). Since the will and codicil have not been admitted to probate, the Surrogate had no authority to construe their terms.

That branch of the petition which sought partial probate was

properly denied (*see Matter of von Knapitsch*, 296 AD2d 144, 148 [2002]). The will and the codicil thereto are to be read as one entire instrument (*see* EPTL 1-2.1; *Bloodgood v Lewis*, 209 NY 95, 103 [1913]).

The appeal from so much of the decree as held the motion of the testator's children for discovery in abeyance must be dismissed since that motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]; *Pedicini v Catalano*, 11 AD3d 665 [2004]). Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.