[906 NYS2d 856]

# In the Matter of the Estate of PHEBE H. BAUGHER, Deceased.

Surrogate's Court, Nassau County, June 22, 2010

### APPEARANCES OF COUNSEL

*Mahon, Mahon, Kerins & O'Brien, LLC,* Garden City South, for William Hugh Baugher and others, respondents. *Michael Sepe,* Rockville Centre, for Jeffrey Keith Baugher, respondent. *Cullen & Dykman, LLP,* Brooklyn, for Jonathon Kirk Baugher, petitioner.

### OPINION OF THE COURT

JOHN B. RIORDAN, J.

Before the court is a petition for the probate of an instrument dated March 11, 2008. Petitioner is the nominated executor. Respondents are children of decedent and children of a predeceased son. Also pending before the court is a proceeding by the nominated executor for the recovery of property alleged to be an asset of the estate (SCPA 2103). The examinations of the attorney-draftsman, the nominated executor, and the attesting witnesses have been completed.

On this motion, respondents seek: (1) a stay of the probate proceeding pending conclusion of the SCPA 2103 proceeding; (2) a stay of the probate proceeding pending a construction of the in terrorem clause in the instrument offered for probate; (3) an order granting petitioner the right to depose the nominated successor executor prior to filing objections; and (4) an order granting petitioner the right to depose the attorney-draftsman of a prior instrument purporting to be the last will and testament of decedent, again, prior to the filing of objections.

In support of that branch of the motion which seeks a stay of this proceeding pending a construction of the instrument offered for probate, respondents allege that the in terrorem clause violates public policy. An issue as to whether a provision of a last will and testament violates public policy must be resolved by construction of the instrument (*see e.g. Matter of Collura,* 98 Misc 2d 1104 [Sur Ct, Nassau County 1979]; *Matter*

*of Pace*, 93 Misc 2d 969 [Sur Ct, Cayuga County 1977]; *Matter of Lang*, 60 Misc 2d 232 [Sur Ct, Erie County 1969]) to determine the testator's intent and the effect of the provisions on the persons to be influenced. However, the court has no authority to construe a will before its admission to probate (SCPA 1420 [3]; *Matter of Martin*, 17 AD3d 598 [2d Dept 2005]). That branch of the motion is therefore denied.

Respondents also seek an order permitting the deposition of the nominated successor executor and the attorney-draftsman of a prior instrument. In opposition, the petitioner argues that respondents are attempting to circumvent the in terrorem clause by obtaining a court order directing discovery.

In terrorem clauses, while valid and enforceable, are not favored by the courts and will be strictly construed (*Matter of Ellis*, 252 AD2d 118 [2d Dept 1998], *lv denied* 93 NY2d 805 [1999]). EPTL 3-3.5 (b) (3) (D) provides that the preliminary examination under SCPA 1404 of the attesting witnesses, the person who drafted the will, the nominated executors and the proponents in a probate proceeding, will not result in the forfeiture of any benefit under the will. Neither the nominated successor executor nor the drafter of a prior instrument of the testator are among those within this so-called statutory "safe harbor" of persons who may be deposed without fear of triggering an in terrorem clause.*

However, the Court of Appeals has recently held that the "safe harbor" provisions of SCPA 1404 and EPTL 3-3.5 "are not exhaustive" (*Matter of Singer*, 13 NY3d 447, 449 [2009], *rearg denied* 14 NY3d 795 [2010]), apparently opening the door to permit any number of depositions outside the confines of SCPA 1404 and EPTL 3-3.5 which would previously have been considered violative of an in terrorem clause.

In *Singer*, the decedent's will and lifetime trust substantially favored the decedent's daughter over the decedent's son. The will contained two in terrorem clauses, one aimed specifically at the son, and the other at any beneficiary. The second of the two clauses provided:

> " 'If any beneficiary shall, in any manner, directly
> or indirectly, contest, object to or oppose, or attempt
> to contest, object to or oppose, the probate of or va-

---

* The court notes that Surrogate Czygier of Suffolk County permitted the examination of the nominated successor executor within a SCPA 1404 examination in *Estate of Marshall* (NYLJ, Jan. 9, 2006, at 45, col 3).

lidity of this Will or the revocable trust agreement created by me, or any part of my estate plan or any gifts made by me, or any of the provisions of this Will or of the revocable trust agreement created by me, in any court or commence or prosecute any legal proceeding of any kind in any court to set aside this Will or the revocable trust agreement created by me or any part of my estate plan or any gifts made by me, then in that event, such beneficiary, and all of such beneficiary's issue, shall forfeit and cease to have any right or interest whatsoever under this Will or under the revocable trust agreement created by me, or in any portion of my estate, and, in such event, I hereby direct that my estate and the trust estate under such revocable trust agreement shall be disposed of in all respects as if such beneficiary had predeceased me without issue.' " (13 NY3d at 450.)

The decedent's son, without ever filing objections, noticed for deposition an attorney who had drafted several prior wills for the decedent, but not the one offered for probate. Despite an admonition from the daughter/proponent's attorney that conducting such a deposition could result in the forfeiture of the son's bequest, he insisted the deposition go forward. After learning at the deposition that the decedent's immediate prior will also contained an in terrorem clause, he indicated that he would not object to the will's admission to probate. After the will was admitted to probate, the daughter brought a construction proceeding for a determination whether or not her brother's conduct violated the in terrorem clause, thus resulting in forfeiture. Surrogate López Torres noted that an attorney who prepared a prior will of the decedent is not identified in SCPA 1404 as a person whose deposition may be taken without fear of triggering the in terrorem clause and held that by conducting the deposition, the decedent's son violated the in terrorem clause and forfeited his bequest. A four-judge panel of the Appellate Division, Second Department, affirmed (*Matter of Singer*, 52 AD3d 612 [2d Dept 2008]).

After granting leave to appeal (*Matter of Singer*, 11 NY3d 716 [2009]), a unanimous Court of Appeals reversed the order of the Appellate Division and held that the son's conduct did not violate the in terrorem clause. The Court stated (*Matter of Singer*, 13 NY3d 447, 453 [2009]) that

"[b]oth the purpose of testator's in terrorem clause

> and the general public policy were satisfied here, since Alexander's investigation led him to the conclusion that there was no basis upon which to file objections or contest the will. A broader construction of these clauses as manifesting testator's intent to preclude the examination of this witness would essentially cut off all other persons from being asked for information, no matter the potential value or relevance of that information—even as to the medical or psychological condition of the testator at the time the will was executed. Interpreting these clauses narrowly will allow surrogates to address on a case-by-case basis whether the conduct undertaken is in keeping with the testator's intent."

Thus, it appears the Court would permit in the first instance the deposition of any person with information of "potential value or relevance" and leave it to the surrogates to determine on a case-by-case basis whether the conducting of such a deposition results in the forfeiture of a legacy of the person conducting the deposition, based on the surrogates' determination of whether such a holding would be "in keeping with the testator's intent."

Since this court must, of course, follow the holdings of the Court of Appeals, the branches of the motion seeking the depositions of the nominated successor executor and the drafter of the decedent's prior will are granted. However, since this court is also constrained to follow the holdings of the Appellate Division, Second Department, there can be no determination by this court prior to the will's admission to probate whether the conducting of these examinations violates the in terrorem clause in the decedent's will (*Matter of Martin*, 17 AD3d 598 [2005]). Thus, while the motion to conduct the examinations is granted, the respondents conduct them at their own peril.

Movants also seek to stay the probate proceeding pending a determination in a related SCPA 2103 discovery proceeding pending in this court wherein the preliminary executor is seeking the turnover of at least $19.5 million from the respondent W.S. Wilson Corporation, a closely-held family corporation. The moving papers indicate that 40% of the decedent's residuary estate passes under her will to 18 grandchildren, six of whom are minors. The aforementioned in terrorem clause contains a provision whereby if any beneficiary, or any beneficiary's parent, directly or indirectly objects to the will's admission to probate, such beneficiary's legacy under the will is forfeit. If the in ter-

rorem clause is valid, the decision by one of the decedent's children to object to the will could have severe repercussions for the objectant's own child or children, especially if the discovery proceeding is successful and the residuary estate is enhanced by nearly $20 million. The preliminary executor has failed to show any substantial prejudice to the estate by the court's granting of the application. However, granting a stay of the probate proceeding, as sought by the movants, would effectively stay the examinations discussed above. Therefore, the application is granted to the extent that the movants' objections to the propounded instrument, if any, shall be filed within 30 days of this court's determination of the SCPA 2103 discovery proceeding, or until further order of this court.